# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| MONDRE D. BROWN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CAUSE NO. 3:08-CV-455 |
| ) | |
| SUPERINTENDENT, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

This matter is before the Court on the following filings of Mondre D. Brown, a *pro se* prisoner: (1) Motion to Amend Habeas Corpus Petition filed on December 9, 2008; (2) Verified Motion to Stay Habeas Corpus Proceedings filed on December 17, 2008; and (3) Amended § 2254 Habeas Corpus Petition filed on December 9, 2008. For the reasons set forth below, the Motion to Amend Habeas Corpus Petition (DE #3) is **DENIED AS MOOT**, the Verified Motion to Stay Habeas Corpus Proceedings (DE #4) is **DENIED**, the Amended § 2254 Habeas Corpus Petition(DE #3-2) is **DISMISSED WITHOUT PREJUDICE**, and the clerk is **DIRECTED** to enter judgment in this case.

BACKGROUND

Petitioner Mondre D. Brown, a prisoner confined at the Indiana State Prison, was convicted of Attempted Murder and Assisting a Criminal by the Marion Superior Court. He was sentenced to 40

years imprisonment on June 14, 2006. (DE #3-2 at 1, ¶¶ 1, 2, 3, and 5.) He filed a direct appeal which was stayed and combined with a post-conviction relief petition that he filed on March 7, 2007. (DE #3-2 at 2-3, ¶¶ 9 and 11.) The post-conviction relief petition was denied on May 22, 2008, and the combined appeal is now pending before the Court of Appeals of Indiana. *(Id.* and DE #3-2 at 39, ¶ 15.)

DISCUSSION

Brown filed a Habeas Corpus Petition and then days later filed a motion to file an amended petition. In this case, pursuant to FED. R. CIV. P. 15(a)(1), Brown may amend once as a matter of course. Therefore the motion will be denied as moot because Brown did not need to obtain permission to file this amended habeas corpus petition (DE #3-2).

Nevertheless, before a habeas petitioner may present his claims to this court, he must first exhaust his issues in State Court by at least attempting to present them to the Indiana Supreme Court.

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts. *Baldwin v. Reese*, 541 U.S. 27 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). "Only if the state courts have had the first opportunity to hear the claim sought

> to be vindicated in the federal habeas proceeding does it make sense to speak of the exhaustion of state remedies." *Id.* at 276. Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. *Boerckel*, 526 U.S. at 845. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory. *Ibid*.

*Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004) (parallel citations omitted).

28 U.S.C. § 2254(b)(1)(A) provides that an application for a writ of habeas corpus by a State prisoner shall not be granted unless "the applicant has exhausted the remedies available in the courts of the State." Because his combined direct/post-conviction relief appeal is still pending before the Court of Appeals of Indiana, this petition is premature.

Brown understands that he must exhaust his claims and therefore has filed a motion to stay. "[A] district court [is required] to consider whether a stay is appropriate under circumstances . . . where the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Here, the 1-year period of limitation set forth in 28 U.S.C. § 2244(d)(1) has not yet begun to run because Brown is still on direct appeal. Therefore he will have an entire year after the conclusion of his direct appeal before the deadline

3

for filing a habeas corpus petition expires.  Furthermore, if he properly files any State post-conviction proceeding, § 2244(d)(2) will extend that time during the pendency of that proceeding and its appeal.  Therefore it is unnecessary to stay this proceeding rather than dismiss it.

When "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ." SECTION 2254 HABEAS CORPUS RULE 4.

CONCLUSION

For the reasons set forth above, the Motion to Amend Habeas Corpus Petition (DE #3) is **DENIED AS MOOT**, the Verified Motion to Stay Habeas Corpus Proceedings (DE #4) is **DENIED**, the Amended § 2254 Habeas Corpus Petition(DE #3-2) is **DISMISSED WITHOUT PREJUDICE,** and the clerk is **DIRECTED** to enter judgment in this case.

**DATED:  January 8, 2009**          /s/RUDY LOZANO, Judge
                                      **United States District Court**

4